# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CARLTON WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:12CV515 |
| | ) |
| GREENSBORO POLICE DEPARTMENT, | ) |
| | ) |
| Defendant(s). | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Carlton White, has submitted a pro se complaint under 42 U.S.C. § 1983 and requested that he be permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names the Greensboro Police Department as the only defendant in the case. However, in the facts supporting his Complaint, he makes no allegations against the Department or its policies. Instead, he makes allegations that: (1) in 2006, a person named J.L. Steinberg[1] was "dishonest about some facts in his investigation, (2) in 2009, Steinberg badgered a witness to testify and produced false fingerprint evidence, (3) in April of 2006, a person named R.M. Falls stole evidence from an evidence locker, (4) in April of 2006, a person named J.H. Hellier took a cigarette that Plaintiff had smoked, used it for DNA

---

[1] Plaintiff does not so state, but the Court will assume only for the purposes of deciding this case that all of the persons described in the Complaint are officers with the Greensboro Police Department.

evidence, and "made up a story," and (5) in December of 2008 and January of 2009, former Police Chief Tim Bellamy and Internal Affairs covered up the acts alleged above. (Docket Entry 2, § V.) Plaintiff claims that all of these acts amounted to deliberate indifference and cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. He seeks $10 million in damages. (Id. § VI.) An opinion from the North Carolina Court of Appeals which is attached to the Complaint reveals that, on April 1, 2009, Plaintiff pled guilty to four counts of robbery with a dangerous weapon, conspiracy to commit robbery with a dangerous weapon, and possession of cocaine. He then moved to withdraw that guilty plea the following day. The motion was denied and judgment was entered against Plaintiff on April 2, 2009. On December 20, 2011, the North Carolina Court of Appeals vacated the convictions with instructions to the trial court to allow Plaintiff to withdraw his guilty plea due to confusion over the number of charges involved. The current status of Plaintiff's state court criminal charges is not clear.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

-2-

Applicable to this case, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[2] The Court may also anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74

---

[2]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint). Accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 129 S. Ct. at 1950, respectively)), cert. denied, ___ U.S. ___, 130 S. Ct. 2064 (2010), and cert. denied, ___ U.S. ___, 130 S. Ct. 3275 (2010).

(4th Cir. 1983). For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

A review of the Complaint reveals that all of Plaintiff's claims are barred by the applicable statute of limitations, an affirmative defense that the Court may consider in this context. See Eriline Company S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006) (citing Nasim, 64 F.3d at 955). The applicable statute of limitations in this case is three years. *See* Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which he "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim, 64 F.3d at 955.

Plaintiff's current Complaint was filed on May 18, 2012. Further, the Court notes that Plaintiff first raised the same or similar allegations in a prior Complaint and attachments signed by Plaintiff on April 12, 13, and 20, 2012 and filed with the Court on April 24, 2012 in case 1:12CV409. It was recommended that the prior Complaint be dismissed without prejudice based on several deficiencies which Plaintiff sought to remedy in the current Complaint. Nevertheless, even using the date of the earlier Complaint, Plaintiff's claims were still filed out of time. Several of the alleged violations set out by Plaintiff occurred in

-4-

Case 1:12-cv-00515-WO-LPA   Document 3   Filed 05/31/12   Page 4 of 6

(4th Cir. 1983). For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted.

A review of the Complaint reveals that all of Plaintiff's claims are barred by the applicable statute of limitations, an affirmative defense that the Court may consider in this context. See Eriline Company S.A. v. Johnson, 440 F.3d 648, 655-56 (4th Cir. 2006) (citing Nasim, 64 F.3d at 955). The applicable statute of limitations in this case is three years. *See* Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury). A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which he "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim, 64 F.3d at 955.

Plaintiff's current Complaint was filed on May 18, 2012. Further, the Court notes that Plaintiff first raised the same or similar allegations in a prior Complaint and attachments signed by Plaintiff on April 12, 13, and 20, 2012 and filed with the Court on April 24, 2012 in case 1:12CV409. It was recommended that the prior Complaint be dismissed without prejudice based on several deficiencies which Plaintiff sought to remedy in the current Complaint. Nevertheless, even using the date of the earlier Complaint, Plaintiff's claims were still filed out of time. Several of the alleged violations set out by Plaintiff occurred in

2006 and have long been barred by the three-year statute of limitations. Plaintiff does claim that the cover-up by Bellomy and Internal Affairs occurred in December of 2008 and January of 2009. These events are closer to being within three years, but are still time-barred by several months. As to one allegation, the allegation that Steinberg badgered a witness and produced false fingerprint results, Plaintiff is not definite as to a date, but claims only that this occurred at some point in 2009. Therefore, there is at least a theoretical possibility that those actions occurred within the three-year limitations period. Plaintiff's attachment to his Complaint removes this possibility, however. The North Carolina Court of Appeals noted that Plaintiff pled guilty on April 1, 2009 and that judgment was entered against him on April 2, 2009. Any improper coercion of a witness or falsification of evidence would obviously have occurred prior to those dates and the alleged injury to Plaintiff would have been clear to him. There would have been no reason for these actions after Plaintiff pled guilty and, in any event, no impact on Plaintiff at that point. Therefore, Plaintiff had until April 2, 2012, at the latest, to file suit. He waited beyond that date to file his prior Complaint. Even giving Plaintiff every benefit of the doubt, his claims were filed out of time. This case should be dismissed.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation. Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires

that he make an initial payment of $7.33. Failure to comply with this Order will lead to dismissal of the complaint.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

**IT IS FURTHER ORDERED** that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $7.33.

**IT IS FURTHER ORDERED** that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of June, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

If an inmate has been ordered to make Prison Litigation Reform Act payments in more than one action or appeal in the federal courts, the total amount collected for all cases cannot exceed 20 percent of the inmate's preceding monthly income or trust account balance, as calculated under 28 U.S.C. § 1915(b)(2).

**IT IS RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: May 31, 2012