IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CARLTON WHITE,                    )
                                  )
          Plaintiff,              )
                                  )
     v.                           )         1:12CV515
                                  )
GREENSBORO POLICE DEPARTMENT,     )
                                  )
          Defendant(s).           )

**ORDER**

This matter is before this court for review of the Order and Recommendation ("Recommendation") filed on May 31, 2012, by the Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 3.) In the Recommendation, the Magistrate Judge ordered that Plaintiff make an initial filing fee payment of $7.33 within twenty (2) days of the order and recommended that the action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. The Recommendation was served on the parties to this action on May 31, 2012. Plaintiff filed timely objections (Doc. 5) to the Recommendation.

On June 22, 2012, Plaintiff filed a letter writing requesting that his case be dismissed "if [he] won't have to pay the filing fee. In return [he] won't file another suit without the representation of an attorney." (Doc. 6.) The Prisoner Litigation Reform Act (PLRA), through 28 U.S.C. § 1915(b),

"requires prisoners to pay all filing fees without regard to their financial status, although they may pay the fees in installments." Green v. Young, 454 F.3d 405 (4th Cir. 2006). "'How much a prisoner owes, and how it will be collected, is determined entirely by the statute and is outside the prisoner's . . . control once the prisoner files the complaint or notice of appeal.'" Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999)(quoting Newlin v. Helman, 123 F.3d 429, 436 (7th Cir.1997)). Also, "[n]othing [in the PLRA] allows the court to stop the collection of the filing fee once [it] authorize[s] a prisoner to proceed in forma pauperis." Copley v. Henderson, 980 F. Supp. 322, 323 (D. Neb. 1997). Plaintiff's request for a dismissal because he is unable to pay his make an initial payment will be denied.

Furthermore, this court declines Defendant's representation that he will not file another petition unless he has an attorney. This court will not impose such a condition on filings by Plaintiff.

As to the Magistrate Judge's Recommendation, this court is required to "make a de novo determination of those portions of the [Magistrate Judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This court "may accept, reject, or modify, in whole

or in part, the findings or recommendations made by the [M]agistrate [J]udge. . . . [O]r recommit the matter to the [M]agistrate [J]udge with instructions." Id.

This court has appropriately reviewed the portions of the Recommendation to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's Recommendation. This court therefore adopts the Recommendation.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation (Doc. 3) is **ADOPTED** and that this action is dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Plaintiff's request for dismissal (Doc. 6) is **DENIED**.

A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 25th day of September, 2012.

/s/ William L. Osteen, Jr.
United States District Judge